United States District Court
Southern District of Texas
**ENTERED**
April 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARET ALEXANDRA ALEXANDER, | § § § | |
| *Petitioner*, | § § § | |
| vs. | § § | CIVIL ACTION NO. H-26-1799 |
| WESLEY DOOLITTLE, *et al.*,[1] | § § § | |
| *Respondents*. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Margaret Alexandra Alexander is currently detained in the Montgomery County Jail on a charge of violating her probation. Proceeding *pro se*, she filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2241 asking this Court to intervene in her state-court criminal proceedings to protect her rights under federal law. (Dkt. 1). The respondents answered with a motion for summary judgment, supported by numerous exhibits. (Dkt. 4). Alexander did not respond to

---

[1]Alexander originally filed a civil-rights action against numerous Montgomery County government agencies and employees. *See Alexander v. Montgomery Cnty Cmty. Supervision & Corr. Dep't, et al.*, Civil No. 25-cv-4209 (S.D. Tex. Apr. 8, 2026). She filed her petition for writ of habeas corpus in that pending case. *Id.* at Dkt. 96. That petition was then transferred and opened as a new action in this case. The only proper respondent to a petition for writ of habeas corpus is the person having custody of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that in a habeas case, the only "proper respondent is the warden of the facility where the prisoner is being held"). Therefore, Warden Doolittle has been substituted as the named respondent in this habeas action.

1/ 7

the motion, and her time to do so has now expired.  After considering Alexander's petition, the motion for summary judgment and its exhibits, and all matters of record, the Court grants summary judgment and dismisses the petition for writ of habeas corpus for the reasons explained below.

## I.   BACKGROUND

Publicly available records show that Alexander was sentenced in 2024 to four years of deferred-adjudication probation after she entered a guilty plea to one count of abandoning or endangering a child, elderly individual, or disabled individual in Montgomery County Cause Number 23-04-05724.  *See* Search Our Records, https://odyssey.mctx.org (visited Mar. 9, 2026).  When she filed her petition, she was being detained under an order of arrest based on a motion to revoke probation and adjudicate guilt filed by the State.  *Id.*  In her petition to this Court, Alexander alleges that her detention violates the Due Process Clause of the United States Constitution and the Americans with Disabilities Act. (Dkt. 1).  She admits that she has not exhausted her available state-court remedies.  (*Id.* at 8).  Nevertheless, she asks this Court to order her immediate release from detention.  (*Id.*).

The respondents answered the petition with a motion for summary judgment, contending that the petition should be denied because (1) Alexander failed to exhaust her state-court remedies before filing the petition; (2) her claims challenging the original order of deferred adjudication are barred by the statute of limitations; (3) her

2/ 7

claims are barred by the *Rooker-Feldman* doctrine; (4) her claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (5) she has identified the incorrect respondents; and (6) *Younger v. Harris*, 401 U.S. 37, 54 (1971), precludes federal court involvement in Alexander's state-court criminal case. (Dkt. 4, p. 2). The respondents attach various documents from the state criminal proceedings in support of the motion. (Dkts. 4-1 through 4-8).

Alexander did not respond to the motion, and her time to do so has now expired.

## II.    DISCUSSION

Under Southern District of Texas Local Rule 7.4, Alexander's failure to respond to the motion is taken as a representation of no opposition. *See* S.D. Tex. L.R. 7.4. Nevertheless, the Court will address the two grounds raised in the motion for summary judgment that are dispositive of this petition and require its dismissal.

### A.    Exhaustion

Because of considerations of federal and state comity, a person detained under state process may not use a federal habeas petition to interfere with the "the normal functioning of a state's criminal processes." *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). Therefore, before a state detainee may pursue federal habeas relief, she must show that she has exhausted the state remedies available to her. *See Braden*, 410

3/ 7

U.S. at 489; *Dickerson*, 816 F.2d at 224.   This exhaustion requirement prohibits federal courts from exercising jurisdiction if the claims raised in a state detainee's petition may be resolved either by a state-court trial on the merits or by other available state procedures.   *See Dickerson*, 816 F.2d at 225; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).   To properly exhaust state-court remedies, the petitioner must have presented her claims to the state's highest court "in a procedurally proper manner" according to the rules of the state courts.   *See Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam).   State remedies are not exhausted so long as the petitioner has the opportunity to present her claims to the state courts by a currently available and adequate procedure.   *See Braden*, 410 U.S. at 489.

Under Texas law, a detainee held on a probation revocation warrant may seek release by filing an application for writ of habeas corpus in the trial court in which the proceedings are pending.   *See Nix v. State*, 65 S.W.3d 664, 669 (Tex. Crim. App. 2001) (en banc), *abrogated on other grounds by Wright v. State*, 506 S.W.3d 478 (Tex. Crim. App. 2016).   If the trial court denies the application, the detainee may take a direct appeal to the intermediate appellate court, followed by a petition for discretionary review in the Court of Criminal Appeals if necessary.   *Id.*   Only after a detainee has pursued her claims through each of these steps will she be found to have exhausted her state-court remedies.

Alexander admits in her petition that she has not pursued her state-court remedies. She contends, without elaboration, that those remedies are ineffective to protect her from imminent harm to her federal rights. But to be considered ineffective, the state-court remedies must be either "unavailable," "wholly inappropriate to the relief sought" or "the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano v. Texas*, 867 F.3d 540, 542-43 (5th Cir. 2017) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). Alexander offers no facts to support her conclusory allegation that the available state-court remedies are ineffective under this standard.

Because Alexander has not presented her claims to the Texas state courts in a procedurally proper manner, she has not exhausted her state-court remedies and is not entitled to federal habeas relief. The respondents' motion for summary judgment on the basis of a failure to exhaust state remedies is granted. Alexander's petition for federal habeas corpus relief will be dismissed on this basis.

## B.   *Younger* Abstention

Even if Alexander could show that she had satisfied the exhaustion requirement, the Court would decline to exercise jurisdiction over her petition under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the State has an important interest

5/ 7

in regulating the subject matter of the claim; and (3) the petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012); *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) ("a [p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief").[2]

Alexander's claims meet all three requirements for abstention under *Younger*. Any decision by this Court on Alexander's claims would interfere with the ongoing state-court revocation proceedings. *See Younger*, 401 U.S. at 41; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws and procedures. *See DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). And Alexander can raise her claims in the revocation proceedings and again on appeal if necessary. *See, e.g., Friemel v. Sheriff, Gregg Cnty*, Civil No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021)

---

[2]Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger*, 401 U.S. at 49). Alexander's petition does not allege facts showing that these exceptions apply in her case.

6/ 7

(*Younger* abstention is proper when the "petitioner has the opportunity to challenge the evidence against him at trial and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings.").

Alexander's claims meet the requirements for *Younger* abstention. The respondents' motion for summary judgment on the basis of *Younger* abstention is granted. Alexander's petition is dismissed with prejudice on this basis.

## III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion for summary judgment by the Montgomery County respondents, (Dkt. 4), is **GRANTED**.

2. Alexander's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED with prejudice**.

3. Any pending motions are **DENIED as moot**.

4. A certificate of appealability is **DENIED as unnecessary**.

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____ *Apr 23* _____, 2026.

<u>DAVID HITTNER</u>
UNITED STATES DISTRICT JUDGE

7/ 7